■ CPN MECHANICAL, INC., et al., Appellants, v MADISON PARK OWNER, LLC, Respondent, et al., Defendants. (And Other Actions.) [992 NYS2d 880]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 5, 2013, which granted defendant Madison Park Owner, LLC's (defendant) motion to dismiss the complaint as against it, unanimously affirmed, with costs.

Plaintiffs argue that since plaintiff CPN Mechanical, Inc.'s admitted theft of $100,000 from defendant by over-billing for the HVAC work on defendant's renovation project only amounted to 1.25% of its total subcontract price, the theft is not central to the claims brought in this lien foreclosure action (*see McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 471 [1960]). This argument is unpreserved and, in any event, without merit. CPN pleaded guilty to grand larceny in the second degree, and agreed to make restitution to defendant in an amount not to exceed $348,000 (later reduced to $100,000). Documents in the record show that CPN's principal admitted that CPN over-billed defendant "at the behest of" defendant's contract manager, whose own lien foreclosure action was dismissed because of its participation in "a complex kickback scheme involving the over-billing of project subcontractors" (*see G Bldrs. IV LLC v Madison Park Owner, LLC*, 101 AD3d 413, 414 [1st Dept 2012]). Moreover, CPN engaged in this over-billing practice during the two years in which it worked on the renovation project. CPN's illegality in the performance of its contract was not, as plaintiffs argue, a "minor wrongdoing" but was "central to or a dominant part of [its] whole course of conduct in performance of the contract" (*McConnell*, 7 NY2d at 471).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Moskowitz, Manzanet-Daniels and Clark, JJ.